IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN, # N-94327,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-591-JPG |
| ) | |
| **C/O HANKS,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roderick T. Allen, an inmate in Menard Correctional Center ("Menard"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Hanks is instigating inmates to attack Plaintiff and also interfering with Plaintiff's ability to access medical services. (Doc. 1). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint bears the heading "Emergency Relief Requested." (Doc. 1). Out of an abundance of caution, the Court will construe the complaint as including a request for a temporary restraining order ("TRO").

Plaintiff has not paid the $400 filing fee, nor has he sought leave to proceed *in forma pauperis* ("IFP") in this case (*see* 28 U.S.C. § 1914(a)). As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay or move for IFP status (see Doc. 2). Regardless, because Plaintiff seeks a TRO, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

**Section 1915(g)**

The statute that permits a litigant to proceed *in forma pauperis*, 28 U.S.C. § 1915, provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), reveals that Plaintiff has had four cases dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  *See Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013).  *Allen v. Bower*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2013).  As such, 28 U.S.C. § 1915(g) bars Plaintiff from proceeding IFP unless he is "under imminent danger of serious physical injury."  Despite his multiple strikes, Plaintiff remains undeterred and has filed four new cases in this District, including this one, in the last four months.[2]  To date, Plaintiff has not paid the filing fee, nor has he managed to clear the § 1915(g) "imminent danger" hurdle in any of those cases. Therefore, for Plaintiff to proceed with this case *in forma pauperis*[3] and on his motion for TRO, he must satisfy the Court that he is in imminent danger.

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).
[2] *See Allen v. Cartwright*, Case No. 14-cv-98-MJR (filed January 27, 2014); *Allen v. Chapman*, Case No. 14-cv-348-JPG (filed March 18, 2014); and *Allen v. Mennerich*, Case No. 14-cv-380-JPG (filed March 26, 2014).
[3] As noted in the May 22, 2014 letter from the Clerk of Court, Plaintiff must either pay the filing fee or submit a motion for IFP (as well as the necessary trust fund account information) within 30 days of the date of that letter.

**The Complaint**

The thrust of Plaintiff's current complaint is that Defendant, Correctional Officer Hanks, has been reassigned to the galley where Plaintiff is presently housed. (Doc. 1, p. 4). Plaintiff claims that he is "in extreme fear of suffering imminent great bodily harm, or death, from another inmate as a direct result of c/o Hanks repeatedly forcing Plaintiff to move into two-man cells." *Id*. Plaintiff offers a number of reasons why he believes that his personal safety is in jeopardy. In support of his claim against Defendant Hanks, Plaintiff asserts that Hanks has given him "menacing stares" and laughed at Plaintiff "with a sneer expression on his face" when Plaintiff inquired about a medical appointment. *Id*. These facts alone fail to demonstrate that Plaintiff is in any imminent danger. However, Plaintiff also contends that there have been two incidents in which Defendant Hanks refused to accept Plaintiff's refusal of two-man cell housing, and ordered Plaintiff to be forcibly dragged into a two-man cell. In the first incident, Plaintiff filed an emergency grievance and was moved the next day. In the second incident, Plaintiff filed two emergency grievances and verbally requested to be moved, as well. *Id*. at 5. Plaintiff's cellmate did, in fact, assault him and caused Plaintiff to suffer a concussion. This incident formed the basis of Plaintiff's complaint in *Allen v. Mennenrich*, Case No. 14-cv-380-JPG. In an Order dated March 28, 2014, the Court denied Plaintiff's motion for a temporary restraining order in that case and held that at the time of the filing of that complaint, Plaintiff was housed in a one-man cell and, thus, was no longer in imminent danger. (*See Allen v. Mennenrich*, Case No. 14-cv-380-JPG, Doc. 4). However, shortly thereafter, on April 9, 2014, Plaintiff alleges he was again forced into a two-man cell. (*Allen v. Hanks*, Doc. 1, p. 7). Plaintiff complained and was subsequently transferred into a single-man cell. Presently, it appears that Plaintiff is in a single-man cell in segregation, but Plaintiff fears that he will be transferred, once

again to a two-man cell.

**<u>Imminent Danger</u>**

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Although the bar for establishing imminent danger is indeed high, it is not insurmountable. In *Lewis v. Sullivan,* the Seventh Circuit cautioned that for § 1915(g) to "serve its role as an escape hatch for genuine emergencies" it must be "understood reasonably." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The court in *Lewis* went on to explain:

> If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" . . . . Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

*Id*. In another case the Seventh Circuit considered whether an allegation that an inmate is guaranteed to be returned to surroundings that will place him in harm's way is sufficient to meet the exception in § 1915(g) for imminent danger. *See Jones v. Morton*, 409 F. App'x 936 (7th Cir. 2010). In that case, the court noted that it was "inclined to agree" that a string of threats made

against the plaintiff "established with sufficient probability that imminent danger awaited him" even though the plaintiff was not presently in danger. *Id*. at 937.  Again, the court warned, "The timing of imminent danger is relative, particularly given the pace of litigation. We have cautioned against a 'chimerical' interpretation of imminent danger; the relevant time frame is not limited to the exact moment an inmate faces assault." *Id*.

Plaintiff has, undoubtedly, nearly worn out his welcome in this District.  Just recently, the Court in *Allen v. Mennenrich*, Case No. 14-cv-380-JPG threatened to impose a filing ban against Plaintiff  pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). (Doc. 6).  Nonetheless, Plaintiff is once again before the Court claiming he is in imminent danger.  It is quite possible that Plaintiff is simply crying wolf, but the Court does not wish to be on the wrong end of that fable.  Plaintiff has pled enough facts to suggest that he may, in fact, be in imminent danger.  At this stage, Plaintiff has satisfied the "imminent danger" requirement. Nonetheless, Plaintiff remains obligated to file a motion to proceed *in forma pauperis*, as directed by the Clerk of the Court in the letter dated May 22, 2014 (Doc. 2).  Plaintiff is also warned that if upon further consideration of Plaintiff's case it comes to light that Plaintiff has exaggerated his claim of "imminent danger" in a deliberate attempt to evade paying the filing fee upfront, this case will be immediately dismissed.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Having found that Plaintiff may be in imminent danger, the Court next considers the merits of Plaintiff's claims as required by 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Plaintiff seeks monetary damages and injunctive relief.  Treating Plaintiff's allegations as true, as it must at this stage, the Court finds that the complaint sets forth a claim under the Eighth Amendment against Defendant Hank for his deliberate indifference to Plaintiff's safety.  Plaintiff may proceed on his claim for monetary damages against Defendant Hank in his individual capacity.  Plaintiff also seeks injunctive relief in the form of an "emergency transfer, or otherwise, out of Menard CC, with permanent one-man cell status, to another institution." (Doc. 1, p. 8).  Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated.  Therefore, the Court will direct the Clerk of Court to name as a Defendant, the **WARDEN OF MENARD**, in her official capacity, for purposes of injunctive relief only.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[4]

**Pending motions**

**Motion for Temporary Restraining Order ("TRO")**

Without expressing an opinion as to the ultimate merits of the motion, the Court's preliminary review dictates that Plaintiff's request for injunctive relief deserves prompt consideration.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff Allen's request for emergency relief (Doc. 1) is hereby **REFERRED** to United States Magistrate Judge Frazier, who shall resolve the request for injunctive relief as soon as practicable.  Any motions filed after

---

[4] Federal Rule of Civil Procedure 21 states in pertinent part:  "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides:  "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendant **HANK** shall proceed.

The Clerk of Court is **DIRECTED** to add the **WARDEN OF MENARD**, in her official capacity, for purposes of injunctive relief only.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **WARDEN OF MENARD** and **HANKS**. The Clerk shall issue the completed summons, and prepare a service packet for Defendants consisting of: the completed summons, the completed form USM-285, a copy of the complaint and request for emergency relief (Doc. 1) and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon each Defendant, the service packets containing the summons, form USM-285, a copy of the complaint and request for emergency relief (Doc. 1) and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 28, 2014**

                                       *s/ J. Phil Gilbert*
                                       United States District Judge