**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RODERICK T. ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:14-cv-00591-JPG-PMF** |
| | ) | |
| **C/O HANKS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Roderick Allen's motion for a temporary restraining order (part of Doc. No. 1).  Roderick T. Allen is confined in a single man cell in a segregation unit at Menard Correctional Center.  He is challenging the conditions of his confinement under 42 U.S.C. § 1983.  In this motion, he seeks an order prohibiting the defendants from forcing him to move into a two-man cell.  He suspects that any future cellmate could possibly be hostile or influenced towards hostility by defendant Hanks (who is perceived to be hostile) placing his personal safety in serious jeopardy.  His concerns are based on prior events, including inmate deaths under suspicious circumstances.

The motion should be denied.  In order to succeed on a motion for a temporary restraining order, plaintiff must demonstrate that:  (1) no adequate remedy at law exists;  (2) he will suffer irreparable harm if the injunction is not granted;  (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted;  (4) he has a reasonable likelihood of prevailing on the merits;  and (5) the injunction will not harm the public interest.  *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).  Plaintiff has the burden of proof to make a clear showing that he is

entitled to a TRO. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The record does not support the issuance of a temporary restraining order. The materials submitted show that Allen is currently housed in a single man cell in disciplinary status. When Allen filed an emergency grievance on the topic of his confinement, his concerns were promptly considered. He was interviewed by employees assigned to the prison's internal affairs division and was informed that he could request protective custody when his segregation sanctions are complete (Doc. No. 1, pp. 12-13). Allen has appealed the response to the director. Because Allen's concerns were considered and addressed and are subject to further review by the director, Allen has an adequate remedy at law. Moreover, if plaintiff is assigned to a two man cell in the future and forms a belief that his new cellmate presents a serious risk to his safety, he may seek protective custody or request administrative relief by filing an emergency grievance. 20 Ill. Admin. Code § 501.320(a). Moreover, Allen has not offered persuasive evidence that he will suffer great harm without an injunction, as he can only speculate that he might be paired with a hostile cellmate in the future. The harm Allen will suffer without an injunction cannot be assessed or compared to the harm that may befall others, such as other inmates who may have a greater need for single-cell status than Allen does once he completes his segregation sanctions. Moreover, the materials show that Allen can reduce or eliminate any risk of harm by modifying his own behavior. In particular, Allen can stop interfering when correctional officers attempt to deliver meal trays to his cellmate.

As Allen acknowledges, he puts himself in harm's way by deliberately interfering with his cellmate's meal service (Doc. No. 1, p. 7).  Allen's concerns are based more on suspicion than fact.  He does not know that he will be assigned to a two-man cell and does not know whether any future cellmate will be hostile or influenced by defendant Hanks.  In sum, Allen has not supplied enough facts justifying an order interfering with the internal administration of a state prison facility.  *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997).  In these particular circumstances, an order directing the defendants to assign Allen to a single-man cell would run afoul of § 3626.

IT IS RECOMMENDED that Allen's motion for a temporary restraining order (part of Doc. No. 1) be DENIED.

SUBMITTED:  July 9, 2014 .

s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE