## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODERICK T. ALLEN,                        )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )          Case No. 14-cv-00591-JPG-PMF
                                          )
C/O HANKS, et al.,                        )
                                          )
          Defendants.                     )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 27) of Magistrate Judge Philip M. Frazier recommending that this Court deny Plaintiff, Roderick Allen's, Motion for Temporary Restraining Order (part of Doc. 1.)

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The R & R states that the plaintiff is seeking an order prohibiting the defendants from forcing him to move into a two-man cell placing his personal safety in jeopardy (Doc 27). The plaintiff objects to the R & R stating that his Request for Emergency Relief was for an Emergency Transfer with a provision for permanent one-man cell status (Doc 37).

The courts will ordinarily defer to the judgment of prison administrators on matters regarding prison management issues. *See Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them").  In making housing assignments, IDOC must balance the security needs of more than 40,000 inmates, making sure to keep apart those with known animosity towards each other while providing for their health needs.  This is a delicate balance that risks being thrown out of kilter by courts' directing placement of individual inmates.

There is no evidence demonstrating that Plaintiff will suffer irreparable harm if moved into a two-man cell at the facility he is currently located.  The risk of disruption to the prison housing assignment balance outweighs any speculation that plaintiff may be paired with a hostile cellmate in the future.

For the foregoing reasons, the Court **ADOPTS** the Report & Recommendation (Doc. 27) in its entirety and further **DENIES** Plaintiff's Motion for Emergency Transfer with permanent one man cell status or to transfer to another institution (part of Doc. 1.)

**IT IS SO ORDERED.**

**DATED:**  9/18/2014

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**