IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN, N94327,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00591-JPG-PMF |
| ) | |
| **C/O HANKS,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court are the plaintiff's motions for a temporary restraining order / preliminary injunctive relief (Docs. 15, 23, and 58). An evidentiary hearing was held on November 6, 2014 regarding the motions. The motions will be construed as a request for a preliminary injunction because counsel for the defendant was present at the hearing and notice was provided to the defendant. For the following reasons, it is RECOMMENDED that Allen's motions for preliminary injunctive relief be DENIED.

Allen is an inmate at Menard Correctional Center ("Menard") serving a 60 year sentence for murder. He previously had four federal cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. Therefore the plaintiff may not proceed in federal court under the *in forma pauperis* statute (proceeding *in forma pauperis* allows the plaintiff to proceed without the prepayment of filing fees) unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Allen's complaint and requests for injunctive relief allege that he is in fact under imminent danger of serious physical injury, and so he is allowed to proceed.

Allen seeks an injunction that would prohibit defendant Correctional Officer Hanks from having any contact with the plaintiff or the plaintiff's mother. Allen alleges that he is in imminent danger because Hanks is likely to physically attack him or instigate other inmates to do so. Allen also contends that Hanks is conspiring with the prison medical staff to poison him or harm him in some manner. Allen believes that Hanks will harm him because Hanks occasionally stares at him in an angry manner, Hanks has used expletives when speaking to the plaintiff, and

on three occasions Hanks pounded on the plaintiff's cell door. Allen also theorizes that his half-sister is providing monetary support to Hanks so that Hanks will inflict harm on him.

To obtain a preliminary injunction the plaintiff must demonstrate that: (1) he is reasonably likely to succeed on the merits, (2) there is no adequate remedy at law, (3) if the injunction is not granted he will suffer irreparable harm, (4) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted, (5) and the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Preliminary injunctive relief with respect to prison conditions is to be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). Plaintiff has the burden of proof to make a clear showing that he is entitled to a temporary restraining order. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

Here, Allen provides no evidence that Hanks presents any threat. Angry glances and the occasional knock on a cell door do not support a finding that injunctive relief should be granted. De minimis unpleasantries are to be expected in a maximum security prison such as Menard. Injunctive relief is simply not warranted on the basis of vague unsupported theories that correctional officers intend to inflict harm. Thus, Allen has failed to demonstrate that he is reasonably likely to succeed on the merits. A preliminary injunction is therefore improper, and the Court need not address the other factors.

SO RECOMMENDED.

DATED:  November 6, 2014  .

s/Philip M. Frazier
PHILIP M FRAZIER
UNITED STATES MAGISTRATE JUDGE