## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, N94327, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-00591-JPG-PMF |
| | ) |
| C/O HANKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 39). As the Court is addressing Plaintiff's IFP request, Plaintiff's Third Motion for Extension of Time to File IFP (Doc. 34), Motion for Leave to Proceed IFP with Incomplete Statement of Account (Doc. 38), and Motion for a Third Set of IFP Forms (Doc. 40) are moot.

Plaintiff, an inmate confined at the Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form and a certified copy of his prison trust fund account statement, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1).

Furthermore, under 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). A review of documents filed in the electronic docket of this Court, the Southern District of Illinois, discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Allen v. Chapman*, Civil No. 11-1130-MJR (S.D. Ill., December 22, 2011); *Allen v. Godinez*, Civil No. 12-936-GPM (S.D. Ill., August 23, 2012); *Allen v. Harrington*, Civil No. 13-725-GPM (S.D. Ill., July 24, 2013); *Allen v. C/O Bower*, Civil No. 13-931-MJR (S.D. Ill., September 10, 2013); and *Allen v. Chapman*, Civil No. 14-348-JPG (S.D. Ill., March 18, 2014).

Because Plaintiff has five "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's Complaint and Motion for Injunctive Relief are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. De minimis unpleasantries are to be expected in a maximum security prison such as Menard. Injunctive relief was not warranted on the basis of vague unsupported theories that correctional officers intend to inflict harm and thus, Plaintiff failed to demonstrate that he is reasonably likely to succeed on the merits and his Motion was denied (Doc. 51). As such, the Court concludes that the allegations contained in Plaintiff's complaint do not constitute an imminent physical threat to Plaintiff.

Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 39) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (**on or**

**before March 4, 2015**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

To conclude, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 39) is **DENIED**. Plaintiff's Third Motion for Extension of Time to File IFP (Doc. 34), Motion for Leave to Proceed IFP with Incomplete Statement of Account (Doc. 38), and Motion for a Third Set of IFP Forms (Doc. 40) are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 2/11/2015

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**