IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, N94327, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00591-JPG-PMF |
| ) | |
| C/O HANKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* ("IFP")(Doc. 95). The Court notes that USCA Order (Doc. 88) directed the Plaintiff/Appellant to either pay the full filing fee or file a motion for leave to proceed on appeal *in forma pauperi*s with the Clerk of this district by May 6, 2015. This motion was filed on June 1st, 2015 and therefore, is not timely. However, out of an abundance of caution, the Court will consider the motion.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Plaintiff was denied leave to proceed IFP in this matter (Doc. 77) because Plaintiff has five "strikes" for purposes of Section 1915(g). As such, Plaintiff could not proceed IFP in this case unless he made a showing of imminent danger of serious physical injury.

1

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's Complaint and Motions for Injunctive Relief are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. *De minimis* unpleasantries are to be expected in a maximum security prison such as Menard. Injunctive relief was not warranted on the basis of vague unsupported theories that correctional officers intend to inflict harm and thus, Plaintiff failed to demonstrate that he is reasonably likely to succeed on the merits and his motions for temporary restraining order/preliminary injunctive relief were denied (Doc. 73).

As such, the Court believes that the Plaintiff's appeal is not taken in good faith and is frivolous. Based on the above, Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* (Doc. 95) is **DENIED.** The Clerk of Court is **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED:** 6/2/2015          *s/J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**